UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:22-cv-60682-KMM

FABIOLA BAZILE MEDLEY,

    Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of
Social Security,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court on Plaintiff's Consent Motion and Petition for Attorney's Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), (ECF No. 20). The matter was referred to the undersigned by the Honorable K. Michael Moore, United States District Judge, to take all necessary and proper action as required by law and/or to issue a Report and Recommendation regarding the Motion. (ECF No. 21). Upon review of the Motion, the docket as a whole, and being otherwise duly apprised in the matter, the undersigned recommends that Plaintiff's Motion be **GRANTED**.

Plaintiff filed the instant Motion seeking $5,938.84 in attorney's fees. The EAJA empowers the Court to grant "reasonable fees and expenses of attorneys." *McCullough v. Astrue*, No. 08-61954-CIV, 2009 WL 2461798, at *1 (S.D. Fla. Aug. 10, 2009). Under the EAJA, a party is eligible for an award of attorney's fees if: (1) the party is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the party timely files an application for attorney's fees; (4) the party had a net worth of less than $2

million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d). Plaintiff has satisfied these requirements.

The United States Supreme Court has acknowledged that a Social Security claimant who obtains a sentence-four order reversing the Social Security Commissioner's denial of benefits is a prevailing party for purposes of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 301–02 (1993) (finding that a sentence-four remand terminates the litigation and results in victory for the plaintiff).

Here, the Commissioner's motion to remand this case was granted pursuant to sentence four of U.S.C. § 405(g) and the case was remanded to the Acting Commissioner for further proceedings. (ECF No. 19). Accordingly, Plaintiff is a prevailing party under the EAJA.

Next, the Court determines whether the Commissioner's position was substantially justified or whether circumstances exist which would make an award of fees unjust. 28 U.S.C. § 2412(d)(1)(A). "To be 'substantially justified' under the EAJA, the government's position must be 'justified to a degree that could satisfy a reasonable person,'" meaning that it must have a "reasonable basis both in law and fact." *Monroe v. Comm'r*, 569 F. App'x 833, 834 (11th Cir. 2014). Given the unopposed nature of the instant Motion, the Court finds that Defendant has not met its burden of showing that its position was substantially justified.

Plaintiff timely filed this Motion, which the Commissioner does not oppose and, pursuant to Plaintiff's Motion and *in forma pauperis* status (ECF Nos. 3, 20), the Court also accepts Plaintiff's net worth to be less than $2,000,000.00.

Plaintiff's attorney, David B. Goetz, seeks $5,938.84 in attorney's fees, reflecting 27.3 hours of work, spanning from April 6, 2022 until December 11, 2022. (ECF No. 20 at 2). Though the EAJA sets a ceiling of $125.00 per hour for attorney's fees, courts may raise the ceiling based

on cost of living increases. *See* 28 U.S.C. § 2412(d)(2)(A)(ii). Courts have approved an EAJA hourly rate of $217.54 for work performed in 2021 and an EAJA hourly rate of $234.66 for work performed in 2022. *See Muga v. Comm'r of Soc. Sec.*, No. 5:20-cv-00445, 2023 WL 2002074, at *1 (M.D. Ga. Jan. 25, 2023), *report and recommendation adopted sub nom. C.M. v. Comm'r of Soc. Sec.*, No. 5:20-cv-00445, 2023 WL 1997075 (M.D. Ga. Feb. 14, 2023) (approving EAJA hourly rate at $217.54 for work performed in 2021 and hourly rate of $234.66 for work performed in 2022); *Galarza-Pinto v. Comm'r of Soc. Sec.*, No. 6:20-cv-2108, 2022 WL 8206037, at *1 (M.D. Fla. May 17, 2022). While Plaintiff's attorney conducted his work in the 2022 calendar year, his request for fees is based on the EAJA hourly rate of work performed in 2021.

Counsel for Plaintiff asserts, and Defendant does not dispute, that the Consumer Price Index supports an upward adjustment of the attorney's fee rate to an hourly rate of $217.54 for work performed in 2022. In support of the number of hours billed, Plaintiff's counsel submitted a worklog (ECF No. 20 at 2). Therein, Plaintiff's counsel reasonably accounts for time spent working on Plaintiff's case, such as spending 10.5 hours writing and researching legal arguments in Plaintiff's Brief. Having reviewed Plaintiff's counsel's itemized time entries and experience, the undersigned finds Plaintiff's request for attorney's fees to be reasonable.

Accordingly, the undersigned recommends that Plaintiff's Consent Motion and Petition for Attorney's Fees Under the EAJA, 28 U.S.C. § 2412(d) (ECF No. 20) be **GRANTED** and that Plaintiff be awarded a total of $5,938.84 in attorney's fees to be paid to Plaintiff's counsel, contingent upon a determination by Defendant that Plaintiff owes no qualifying debt(s) to the Government.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable K. Michael Moore, United States District Judge for the Southern District of

Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 5th day of May, 2023.

> _____
> LAUREN F. LOUIS
> UNITED STATES MAGISTRATE JUDGE

cc:   Honorable K. Michael Moore
      Counsel of Record